McIlvaine, J.
The plaintiff seeks to defend her action and judgment in the court of common pleas under sections 184, et sec[. of the act of March 23, 1840, “To provide for the settlement of the estates of deceased persons.” Section 184 is as follows: “ When it shall appear to the court, on the representation of any person interested in the estate of any deceased testator or intestate, that the executor or administrator has failed to perform his duty in any other particular than those above specified in the two preceding sections, the court may authorize any creditor, next of kin, legatee, administrator de bonis non, or other person aggrieved by such maladministration, to bring a suit on the bond.” The two preceding sections provide for an action on the bond by a creditor, legatee, widow or distributee, for his or her own use, after the amount of his or her claim has been ascertained and payment on demand is *654 refused. Section 185 directs that the suit authorized under section 184, shall be brought in the court in which the bond is filed, either in the mode directed by the act entitled “ An act pointing out the manner in which suits may be prosecuted on the bonds of executors, administrators and officers, or it may be prosecuted by bill in chancery, in the name of the person entitled to the action.” And section 180 provides that if the action be brought for any other breach of the condition of the bond, than neglect to pay a creditor, legatee, widow or distributee as provided in sections 182 and 183, execution may be ordered in the name of the state, for the full value of all the estate of the deceased, that shall have come into the hands of the executor or administrator, and for which he shall not satisfactorily account, and section 187 provides that all moneys made on such execution, shall be paid over to the rightful executor or administrator, other than the executor or administrator sued, and shall be assets to be administered according to law.
On the other side, and in support of the judgment of the district court, it is claimed, that the sections of the executors and administrator's act above referred to, and the action thereby authorized have been superseded by subsequent legislation. The subsequent legislation referred to is the creation of the probate court by constitutional provision and the transfer to it from the court of common pleas of probate jurisdiction, whereby the probate court became invested with exclusive power to grant and revoke letters testamentary and of administration, and to direct and control the conduct and settle the accounts of executors and administrators, and to order the distribution of estates. Act of March 14, 1853, regulating probate courts. Also section 25 of the Civil Code of 1852, providing that “ every action must be prosecuted in the name of the real party in interest, except as otherwise provided in section 27.” And also section 566 of the code in relation to actions on official securities, substituted for the act referred to in section 185 of the administration act as pointing out the manner in which suits may be prosecuted on the bonds of executors, administrators and officers, which was repealed at the same time by title 20 of the Code. This section provides only *655 for actions on official bonds for the benefit of the plaintiff, differing widely from the action under review.
Clearly, the provisions of the executors and administrators’ act relied upon by plaintiff have not been expressly repealed; and it is also clear that no simialr remedy for the benefit of the estate has been provided by subsequent legislation, therefore, it cannot be said, that they have been repealed by necessary implication. Indeed, section 184 was re-enacted as section 6212 of the Revised Statutes, and no one will assume that any other remedy given by law upon the bond of an executor or administrator, was thereby taken away on the ground of inconsistency. This view of the case is entirely consistent with the case of Dawson v. Dawson, 25 Ohio St. 443.
It is claimed that the plaintiff could not prosecute the action in her own name. In so far as this objection rests on the argument that an administrator de bonis non alone can maintain such action for the benefit of the estate, the statute itself is a sufficient answer. The difficulty in administering the amount recovered as assets of the estate was sufficiently explained, for the purposes of this case, in the opinion of Ranney, J., in the case of The State v. Cutting, 2 Ohio St. 1.
It is said, the action should have been in the name of the state, the payee of the bond. Admitting that the action might have been in the name of the state, and that such would have been the better practice, my brethren are of opinion, the judgment being right, that no prejudice resulted to defendants for which it ought to have been reversed. My own judgment is, that the suit in the name of the plaintiff was expressly authorized by the statute. She was authorized, under section 184, “ to bring a suit on the bond.” By section 185, she was authorized to sue in the mode directed by a particular statute, or to prosecute it by bill in cham,cery in her own name. By the code, the distinction between actions at law and suits in chancery was abolished. This related to matter of form only. The civil action of the code was substituted for actions at law and suits in chancery. If, before the code, the plaintiff was authorized to bring such suit in her own name in chancery, since the code, she may do the same thing in a civil action. If, therefore, the *656 plaintiff could not prosecute the authorized suit in her own name under the statute referred to, or any substituted statute, we are bound to assume that she invoked the chancery jurisdiction of the court, which she could do only in her own name.
The court of common pleas did not err in charging the jury that the final settlement in the probate court of the accounts of the executors as stated in the second defense did not constitute a bar to plaintiff’s action, if the allegations of the petition were true. The petition charged the executors with converting to their own use §985 in money, a promissory note executed by Thomas Ward for §2,200; also another note by Milton and Chester Purdy for $1,800; also a span of horses and three hundred bushels of oats which came into the hands of the executors, but which they refused to administer as assets of the estate. It is not claimed in the answer that these items were administered as assets or accounted for in the settlement. If such assets existed in the hands of the executors, they can make no final settlement until this property is accounted for. As far as this matter of defense is concerned, the existence of such assets and their conversion are admitted by not being denied. This is no case of res adjudiaata.
The court of common pleas was also right in instructing the jury that it was immaterial in the case that the probate court had not, before the commencement of the action, found the amount due to the plaintiff as legatee under the will.
Such a finding, before suit, is necessary under sections 182 and 188, which provide for actions on behalf and for the sole benefit of the plaintiff; but under section 184, where the suit is for the benefit of the estate, it was enough that the plaintiff was a legatee and that fact was sufficiently shown upon the face of the will.
Some other questions have been discussed by counsel, but we find no error in the record of the court of common pleas for which judgment should be reversed. Therefore, the judgment of the district court is reversed, and that of the common pleas affirmed.